# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

       **Plaintiff,**

v.                                 **Case No. 07-20018-05-JWL**

Leland Roebuck,

       **Defendant.**

## MEMORANDUM & ORDER

In February 2007, defendant Leland Roebuck was charged with various drug crimes, including conspiracy to distribute or possess with intent to distribute more than 5 kilograms of cocaine or to manufacture, distribute or possess with intent to distribute more than 50 grams of cocaine base. On January 27, 2009, Mr. Roebuck entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties agreed to a term of 150 months' imprisonment and five years' supervised release. As part of the agreement, the government expressly agreed not to seek an enhancement of the statutory minimum sentence based on Mr. Roebuck's prior felony drug offense conviction pursuant to 21 U.S.C. § 851.

A presentence investigation report (PSIR) was prepared and calculated Mr. Roebuck's base offense level at 32 with a 3-level reduction for acceptance of responsibility, for a total offense level of 29. Mr. Roebuck's criminal history category was III, resulting in a guidelines range of 108-135 months. However, because of the ten-year mandatory minimum required by statute, *see* 21 U.S.C. § 841(b)(1)(A), the guidelines range became 120-135 months. On April 29, 2009, the court imposed a sentence of the agreed-upon 150 months to be followed by 5 years

of supervised release. Notably, if the government had filed an information pursuant to 21 U.S.C. § 851, Mr. Roebuck would have been subject to a twenty-year mandatory minimum prison term. *See* 21 U.S.C. §§ 841(b)(1)(A) & 846. Mr. Roebuck has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to the retroactive application of Amendment 750, which modified the guidelines range for crack cocaine offenses. As will be explained, the motion is denied.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In one such statement, the Commission has specified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether an amendment would have this effect, the policy statement explained,

2

the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b). This policy statement is binding on the federal courts. 18 U.S.C. § 3582(c)(2).

Applying this policy statement in the present case, it is clear that Amendment 750 does not lower Mr. Roebuck's applicable guidelines range.  Although Mr. Roebuck's underlying conviction involved crack cocaine, his sentence was not based on the sentencing guidelines for crack cocaine but was based instead on an agreed-upon sentence in an 11(c)(1)(C) plea agreement.  Mr. Roebuck's reliance on the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011) is unavailing.  *Freeman* concerns "whether and when an initial sentence imposed (as here) under a Rule 11(c)(1)(C) plea agreement . . . can be said to be 'based on' a guidelines range." *United States v. Fields*, 2012 WL 5202191, at *1 (10th Cir. Oct. 23, 2012).   As recently summarized by the Circuit:

> *Freeman* produced a fractured result.  Four justices, representing a plurality of the court, indicated that they would "permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman*, 131 S. Ct. at 2692–93 (Kennedy, J.).  The dissent of four justices preferred a categorical rule barring any revision to a sentence imposed under a Rule 11(c)(1)(C) agreement, arguing that any such sentence is "based on" the plea agreement, not the guidelines. *Id*. at 2701 (Roberts, C.J., dissenting). Justice Sotomayor, writing for herself in a controlling concurrence, adopted something of a middle ground.  Rejecting the dissent's categorical rule, she suggested district courts have authority to revise a sentence only "when a [Rule 11(c)(1)(C) ] agreement expressly uses a Guidelines sentencing range to establish

3

> the term of imprisonment." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring in judgment).

*Id*. at *2

When the court sentenced Mr. Roebuck in April 2009, the guidelines range of 120 to 135 months did not form "any relevant part of the analytical framework" applied by the court in sentencing Mr. Roebuck.  Mr. Roebuck does not suggest that it did.  Indeed, the court sentenced Mr. Roebuck to a term of 150 months' imprisonment based on the parties' plea agreement and considering the facts reflected in the PSIR.  The fact that the agreed sentence of 150 months' imprisonment is higher than the upper end of the advisory guidelines range yet lower than the potential 240-month statutory minimum if the enhancement information had been filed is further evidence that the sentence was not tied in any way to the advisory guidelines range.  Moreover, the plea agreement itself expressly confirms that the parties "are not requesting imposition of an advisory guideline sentence."  Under even the most liberal reading of *Freeman*, then, the court lacks authority to revise Mr. Roebuck's sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Roebuck's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 379 ) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2012, at Kansas City, Kansas.

4

s/ John  W. Lungstrum
John W. Lungstrum
United States District Judge