# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                                                         Case No. 07-20018-05-JWL

**Leland Roebuck,**

    **Defendant.**

## MEMORANDUM & ORDER

In September 2012, Mr. Roebuck, who pled guilty under a Rule 11(c)(1)(C) agreement, filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to the retroactive application of Amendment 750, which modified the guidelines range for crack cocaine offenses. In November 2012, the court denied the motion after concluding that Mr. Roebuck's sentence was not "based on" the sentencing guidelines for crack cocaine under the more liberal plurality opinion in *Freeman v. United States*, 131 S. Ct. 2685 (2011)—a case that generated three separate opinions addressing whether and when a defendant who pleads guilty under a Rule 11(c)(1)(C) agreement is entitled to seek a reduction in sentence under § 3582(c)(2) when the otherwise-applicable Guideline is retroactively amended. Thereafter, Mr. Roebuck filed a motion for reconsideration of the court's order, which the court denied in December 2012 because Mr. Roebuck did not meet the standard for reconsideration and he simply rehashed the arguments made in his initial motion to modify his sentence.

This matter is now before the court on Mr. Roebuck's "second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)" in which he again urges the court to modify his sentence in

light of Amendment 750 and to conclude that his sentence was "based on" the sentencing guidelines within the meaning of the plurality opinion in *Freeman*. Quite clearly, the motion is a second motion for reconsideration of the court's November 2012 order denying Mr. Roebuck's motion to modify his sentence. The motion, then, must be denied as Mr. Roebuck again has not met the standard for reconsideration. *See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) ("Grounds warranting a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."), quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In any event, the two cases cited by Mr. Roebuck in support of his motion do not support the modification of his sentence. He relies on *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013) and *United States v. Thompson*, 682 F.3d 285 (3d Cir. 2012). In *Epps*, the D.C. Circuit held that the defendant was entitled to a modification of his sentence because the defendant's Rule 11(c)(1)(C) plea agreement repeatedly referred to the sentencing guidelines as a basis for determining the sentence ultimately imposed. 707 F.3d at 352. Indeed, the agreement in that case specifically stated that the sentence "will be imposed in accordance with" the Guidelines. *Id*. In light of the specific language in the plea agreement, the Circuit held that the Guidelines formed the basis of the defendant's sentence for purposes of the plurality opinion in *Freeman*. *Id*. at 352-53.

*Epps*, then, stands in stark contrast to the situation presented here.[1] As explained in the court's November 2012 order, the guidelines range of 120 to 135 months did not form "any relevant part of the analytical framework" applied by the court in sentencing Mr. Roebuck. The court sentenced Mr. Roebuck to a term of 150 months' imprisonment based on the parties' plea agreement and considering the facts reflected in the PSIR. The agreed sentence of 150 months' imprisonment was higher than the upper end of the advisory guidelines range yet lower than the potential 240-month statutory minimum if the enhancement information had been filed, reflecting further that the sentence was not tied in any way to the advisory guidelines range. Moreover, the plea agreement itself expressly confirmed that the parties "are not requesting imposition of an advisory guideline sentence." As the court indicated in its November 2012 order, even under the most liberal reading of *Freeman* (the plurality opinion), Mr. Roebuck was not entitled to a reduction in his sentence.

Significantly, the Tenth Circuit, since the court's November 2012 memorandum and order, has concluded, unlike the Third Circuit's opinion in *Epps*, that Justice Sotomayor's concurrence represents the Supreme Court's holding in *Freeman*: that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" the guidelines when the plea agreement expressly uses or employs a guidelines sentencing range to establish the term of imprisonment. *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013). Because this

---

[1] *Thompson* similarly does not support Mr. Roebuck's motion for modification of his sentence. In that case, the Third Circuit held that the defendant was not entitled to a sentence reduction under Justice Sotomayor's approach in *Freeman* because his sentence was based not on the crack cocaine Guidelines range but on the defendant's career offender designation. 682 F.3d at 290-91.

approach is more conservative than the approach utilized by this court in analyzing Mr. Roebuck's motion in November 2012, it only serves to reinforce that the court's November 2012 disposition of Mr. Roebuck's motion was correct. Moreover, Mr. Roebuck's reference to the sentencing hearing, in which the court and counsel for the parties briefly discuss how the 150-month proposed sentence compares to what the guidelines "would have called for," does not establish that the plea agreement was "based on" the Guidelines where the agreement expressly disavows any relation to the Guidelines.

Because Mr. Roebuck's Rule 11(c)(1)(C) plea agreement did not use a Guidelines sentencing range to establish the term of imprisonment, he is not entitled to a sentence reduction and the court lacks jurisdiction to consider the merits of the motion.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Roebuck's second pro se motion for retroactive application of sentencing guidelines to crack cocaine offense (doc. 388) is dismissed.


**IT IS SO ORDERED.**


Dated this 30th day of May, 2013, at Kansas City, Kansas.


                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge