IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
              Plaintiff, )
)
v. )   Case No. 07-20018-05-JWL
)
LELAND ROEBUCK, )
)
              Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for early termination of his term of supervised release (Doc. # 452). For the reasons set forth below, the Court **denies** the motion.

In 2009, defendant was sentenced on drug charges to a term of imprisonment of 150 months and a term of supervised release of five years – terms to which the parties had agreed in defendant's plea agreement – and defendant began his term of supervised release in June 2018. Defendant now seeks early termination of his term of supervised release. In support of the motion, which defendant filed through counsel, defendant argues that he has complied with the terms of his supervised release; he is employed and has avoided legal problems; the Probation Office has communicated that it knows of know outstanding issues and that defendant is currently at the lowest level of supervision; and that further supervision is therefore unnecessary.

The Court, after considering certain factors set forth in 18 U.S.C. § 3553(a), may terminate a period of supervised after release at any time after one year if "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1). The Court is not satisfied, however, that early termination is warranted at this time. Defendant's motion is based in part on information from the Probation Office indicating that defendant has no outstanding issues. As set forth in the Government's response brief, however, since the time of its communication with defendant's counsel, the Probation Office has learned that defendant faces pending charges and an arrest warrant in Missouri arising from a traffic accident. The Government further informs the Court that while defendant has reported regular employment to the Probation Office, he has not consistently provided verification of such employment, and that the Probation Office would like to see defendant maintain employment and verify such employment for a period of four months before termination is considered. The Government states that early termination should be warranted, perhaps in six months, after defendant has resolved his outstanding legal issues in Missouri and has consistently verified employment in accordance with the Probation Office's directive.

Defendant has not filed a reply brief in support of his motion, and thus defendant has not disputed that these issues remain. The Court concludes in its discretion that defendant should resolve his outstanding legal issues while still under supervision and that defendant should also satisfy the concern of the Probation Office concerning verification of employment. Accordingly, the Court presently denies defendant's motion without prejudice to the filing of similar motion in the future.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for early termination of his term of supervised release (Doc. # 452) is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of July, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge